O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01417 ODW (FFMx) | Date | November 18, 2010 |
|---|---|---|---|
| Title | *Youlanda Williams vs. Los Angeles Unified School District* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | | |
|---|---|---|---|
| Raymond Neal | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (IN CHAMBERS):** **Order GRANTING Defendant Los Angeles Unified School District's Motion to Dismiss Pursuant to Rule 12(b)(6) [10] (Filed 08/12/10)**

Currently before this Court is Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Having carefully considered the parties' arguments, Defendant's Motion to Dismiss is **GRANTED**.

Plaintiff Youlanda Williams ("Plaintiff") alleges that she has been subjected to Title VII Civil Rights violations, as well as American with Disabilities Act ("ADA") violations, throughout her course of employment with Los Angeles Unified School District ("Defendant"). Specifically, Plaintiff alleges that she has been subjected to a hostile work environment due to sexual harassment. Then, Plaintiff alleges that she has been subjected to employment discrimination in violation of The ADA. In order to circumvent the statute of limitations, Plaintiff argues that the ADA claims should be equitably tolled, since she filed Workers Compensation claims. Next, Plaintiff alleges that she has been subjected to employment discrimination as a result of the Defendant's failure to engage in the interactive process. Additionally, Plaintiff alleges that she has been subjected to employment discrimination due to the individual disparate treatment she has suffered. In order to include all claims dating back to 2002 Plaintiff argues that all acts should be considered a continuous violation. Lastly, Plaintiff alleges that she has been subjected to retaliation for opposing unlawful employment practices.

Defendant argues that the majority of Plaintiff's claims are time barred, and further

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01417 ODW (FFMx) | Date | November 18, 2010 |
|---|---|---|---|
| Title | *Youlanda Williams vs. Los Angeles Unified School District* | | |

argues that Plaintiff's attempt to include the time barred claims by advancing the position that the hostile work environment is a continuing violation fails. Additionally, Defendant argues that the hostile work environment claim, ADA claim, failure to engage in the interactive process claim, and retaliation claim all fail to state a cause of action.

## I.     BACKGROUND

The facts giving rise to this action date back to 2002 when Principal Maxie Hemman allegedly touched Defendant's hair. This unwelcome advance caused the Defendant to submit a complaint to the Assistant Principal, and according to the Defendant this is when the retaliation began. From that point forward Defendant alleges that she was subjected to a hostile working environment, disparate treatment, and retaliation. Additionally, after being subjected to the adverse employment environment, Plaintiff claims that she developed mental illness which caused her to need accommodations and that Defendant refused to acknowledge her needs. Plaintiff has further provided a list of incidents dating back to 2002 which she has asked this Court to consider.

## II.    LEGAL STANDARD

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, to overcome a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Igbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Id.* (internal citation and quotation marks omitted).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01417 ODW (FFMx) | Date | November 18, 2010 |
|---|---|---|---|
| Title | *Youlanda Williams vs. Los Angeles Unified School District* | | |

In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in a light most favorable to the plaintiff, and must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003); *see also Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996). A district court should ask "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Twombly*, 550 U.S. at 563. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Thus, the Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

### III.  DISCUSSION

   A.  *Plaintiffs's Title VII Claims Occurring Before April 30, 2009 are Barred By The Statute of Limitations*

Since Plaintiff's First Amended Complaint ("Complaint") asks this Court to consider allegations reaching as far back as 2002, this Court must first determine which of Plaintiff's claims are stale or time barred before assessing their validity.

Plaintiffs who choose to challenge an employment practice under Title VII must first file a charge with the EEOC. *Ledbetter v. Goodyear*, 550 U.S. 618, 623 (2007); 42 U.S.C. § 2000e-5(f)(1). Title VII Plaintiffs are required to submit a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged unlawful incident, or within 300 days of the alleged incident, if the charge was initially filed with a State or local agency. 42 U.S.C. § 2000e-5(e)(1). Therefore, this Court will only consider alleged incidents that occurred within 180 days of the EEOC complaint; or 300 days of the Department of Fair Employment and Housing ("DFEH") complaint (if the DFEH

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01417 ODW (FFMx) | Date | November 18, 2010 |
|---|---|---|---|
| Title | *Youlanda Williams vs. Los Angeles Unified School District* | | |

complaint is filed first).

Plaintiff has filed numerous charges with the EEOC, and trying to determine the dates of the various events which give rise to the claims has proven to be a demanding task. Examining Plaintiff's most recently filed EEOC and DFEH complaints reveal: (1) a claim filed with the EEOC on February 13, 2010; (2) a claim filed with the DFEH on February 24, 2010; and (3) a claim filed with the EEOC on February 25, 2010. Plaintiff's February 13, 2010 claim filed with the EEOC was superceded by the subsequent claim filed on February 25, 2010. The Plaintiff also filed a DFEH claim on February 24, 2010. Since the February 24, 2010 DFEH claim precedes the February 25, 2010 EEOC claim, the DFEH claim is used to determine the cut-off date for statute of limitations purposes. Therefore, only conduct occurring after April 30, 2009 is timely (300 days prior to the DFEH claim). 42 U.S.C. § 2000e-5(e)(1) (the 300 day window of time is only applicable when the State or local charge is filed prior to the EEOC charge).

By applying the April 30, 2009 cut off date, only the following acts may be included in this action as "timely acts".

- In May 2009, Plaintiff alleges that she was not paid for over time worked in a timely manner. (FAC ¶ 103.)
- In August of 2009, Plaintiff alleges that she was called names, "Ms. Conspiracy" and "Banning Bulldog," by her co-workers. Plaintiff was also labeled as having an attitude, having anxiety symptoms and aggressive behavior by her co-workers. (FAC ¶ 105.)
- In October 2009, Plaintiff asserts that she was given heavier job assignments. (FAC ¶ 106.)
- In October 2009, Plaintiff claims she was given a negative job reference by Defendant. (FAC ¶ 107.)
- In October 2009, Plaintiff asserts that her work assignments were not covered while she was out on sick leave. (FAC ¶ 109.)
- In February 2010, Plaintiff asserts that she was transferred which required her to travel twenty-four miles one way. (FAC ¶ 110.)

This Court will not consider any alleged wrongful acts occurring before April 30, 2009. More specifically, this Court will only use the six "timely acts" in making the determination whether to grant Defendant's Motion to Dismiss.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01417 ODW (FFMx) | Date | November 18, 2010 |
|---|---|---|---|
| Title | *Youlanda Williams vs. Los Angeles Unified School District* | | |

  B.  *Plaintiff Cannot Establish a Continuing Violation for the Title VII Claims*

In an effort to include the acts excluded by the Statute of Limitations, Plaintiff alleges that her Title VII claims establish a continuing violation, and as such allows this court to consider timely filed charges, as well as the time barred charges. This Court disagrees. "Discrete acts . . . are easy to identify and [e]ach incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). Thus, "when an employee alleges 'serial violations,' i.e., a series of actionable wrongs, a timely EEOC charge must be filed with respect to each discrete alleged violation." *Ledbetter*, 550 U.S. at 639; (citing *Nat'l R.R. Passenger Corp.*, 536 U.S. at 113). Furthermore, "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Id*. Therefore, the Plaintiff must file the charge within the 180-or-300-day time period following the discrete discriminatory act. *Id*.

Here, Plaintiff alleges that Defendant touched her hair in 2002. Thisconduct would be a discrete act. In an attempt to include alleged wrongful acts that are excluded from the "timely acts," Plaintiff provides a list of alleged wrongful acts dating back to 2002, and she argues these acts establish a continuing violation. The argument fails. As the Supreme Court has provided, "[e]ach incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *Nat'l R.R. Passenger Corp.,* 536 U.S. at 114. The hair touching incident pre-dates the statute of limitations window by 7 years and is therefore barred.

  C.  *Plaintiff's First Claim For Hostile Work Environment Fails to State a Cause of Action*

"Hostile environment claims are different in kind from discrete acts. Their very nature involves repeated conduct." *Nat'l R.R. Passenger Corp.*, 536 U.S. at 115; *see* 1 B. LINDEMANN & P. GROSSMAN, EMPLOYMENT DISCRIMINATION LAW 348 - 49 (3d ed. 1996). Furthermore, "[i]t occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." *Nat'l R.R. Passenger Corp.*, 536 U.S. at 115; *see Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01417 ODW (FFMx) | Date | November 18, 2010 |
|---|---|---|---|
| Title | *Youlanda Williams vs. Los Angeles Unified School District* | | |

(1993). Additionally, "[p]rovided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered for the purposes of determining liability." *Nat'l R.R. Passenger Corp.*, 536 U.S. at 103. Therefore, "[i]n order for the charge to be timely, the employee need only file a charge within 180 or 300 days of any act that [contributed to the creation] of the hostile work environment." *Id*. at 18.

Furthermore, "whether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances. These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris*, 510 U.S. at 23; *see also Kortan v. California Youth Auth*., 217 F.3d 1104, 1109-1110 (9th Cir. 2000). Thus, to establish a hostile work environment claim, an employee must prove: "(1) that he was subjected to verbal or physical conduct of a harassing nature, (2) that this conduct was unwelcome, and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris*, 510 U.S. at 23.

Here, Plaintiff believes that the alleged wrongful acts cited in her Complaint establishes a hostile working environment. The Court disagrees. Plaintiff argues that following the hair touching incident in 2002, she was subjected to retaliation, which created an intolerable work environment. (FAC ¶ 112-113.) In the instant action, a hostile work environment analysis cannot begin until after Plaintiff establishes a "timely act" that contributed to the creation of the hostile work environment. The previously established "timely acts" fail to establish a link - (1) a delay in receiving overtime pay; (2) being called names; (3) being assigned a heavy work load; (3) receiving a negative job reference; (4) other employees not completing your work assignments while you are out sick; and (5) being transferred, all fail to satisfy the "severe" and "pervasive" element as required in *Harris*. Even assuming they are true, the frequency and severity of the alleged acts do not establish that these acts have "unreasonably interfered" with the Plaintiff's work performance. For these reasons, the Defendant's Motion to Dismiss Plaintiff's Hostile Work Environment claim is **GRANTED**.

    D.    *Plaintiff's Claim For Disability Discrimination Fails to State a Cause of Action*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01417 ODW (FFMx) | Date | November 18, 2010 |
|---|---|---|---|
| Title | *Youlanda Williams vs. Los Angeles Unified School District* | | |

"[U]nder the ADA, an employee bears the ultimate burden of proving that he is (1) disabled under the Act, (2) a 'qualified individual with a disability,' and (3) discriminated against 'because of' the disability." *Bates v. United Parcel Serv., Inc.* 511 F.3d 974, 988 (9th Cir. 2007) (citing *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999)). Furthermore, "disability" is defined as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(1)(A). A "qualified individual is an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Id*. § 12111(8). Again, "[t]he employee's ultimate burden of proof in all cases remains the same: to show . . . that the challenged employment decision was 'because of' discrimination." *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 857 (9th Cir. 2002).

The only legitimate claim falling within the applicable time period is Plaintiff's allegation that she was transferred requiring her to travel twenty-four miles one way. (FAC ¶ 110.) Here, assuming that the Plaintiff is disabled under the Act, and a qualified individual with a disability as required by *Bates*. Plaintiff has provided nothing but conclusory statements to show that the challenged employment decisions were made "because of" discrimination. In her Complaint Plaintiff repeatedly alleges that she was subjected to adverse treatment while at work. However, Plaintiff never provides any factual allegations to show that any negative treatment she received was "because of" discrimination. In the absence of "non-conclusory factual content" Plaintiff's allegations must fail. For this reason, the Defendant's Motion to Dismiss Plaintiff's Disability Discrimination claim is **GRANTED**.

    *E.*    *Plaintiff's Claim For Failure to Accommodate Fails to State a Cause of Action*

The ADA requires covered entities to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A); *see also* 42 U.S.C.A. § 12111(2) ("The term 'covered entity' means an employer, employment agency, labor organization, or joint labor-management committee."). However, "[a]n 'employer is not obligated to provide an employee the accommodation he requests or prefers, the employer need only provide some

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01417 ODW (FFMx) | Date | November 18, 2010 |
|---|---|---|---|
| Title | *Youlanda Williams vs. Los Angeles Unified School District* | | |

reasonable accommodation.'" *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002) (citing *E.E.O.C. v. Yellow Freight Sys. Inc.*, 253 F.3d 943, 951 (7th Cir.2001) (en banc) (citation and internal quotation marks omitted)). Furthermore, "'liability for failure to provide reasonable accommodations ensues only where the employer bears responsibility for the breakdown' in the interactive process." *Zivkovic*, 302 F.3d at 1089 (quoting *Beck v. Univ. of Wis. Bd. of Regents*, 75 F.3d 1130, 1137 (7th Cir. 1996)).

Using the same April 30, 2009 window of time to access Plaintiff's alleged wrongful acts, this Court is able to consider the accommodations requested by Plaintiff following her September 2007 to October 2008 leave of absence. Upon returning to work in February 2009, Plaintiff alleges to have informed Defendants of two accommodation requests: (1) Plaintiff was to be assigned to a work location within a twelve to fifteen mile commute; and (2) Plaintiff was not to be in the immediate area of the co-worker who threatened her with violence. (FAC ¶ 120:A-B.*)* However, Plaintiff has provided nothing in her Complaint but conclusory statements in an attempt to satisfy the requirements provided in *Zivkovic*. Simply, the factual allegations provided by the Plaintiff in support of this claim are far from the requirements discussed in *Zivkovic* and *Memmer*.

In an effort to establish this claim Plaintiff merely states, "Plaintiff requested a reasonable accommodation . . . ." (FAC ¶ 127.), and "Defendants just ignored Plaintiff's request for accommodation." (FAC ¶ 128.) Plaintiff fails to provide any factual allegations explaining **why the accommodations provided** were not "reasonable." As previously discussed, the employer only needs to provide "some reasonable accommodation." Additionally, Plaintiff's claim lacks the "sufficient factual matter" required by the Supreme Court. By merely stating "Plaintiff requested" and "Defendants ignored" Plaintiff fails to provide factual substance, as she has for all other alleged incidents dating back to 2002. For example, Plaintiff has provided dates, circumstances and context for her time barred claims such as: name calling, being yelled at, being threatened, and unjustified reprimands. However, Plaintiff then fails to provide any factual support to bolster her most recent assertions that she requested accommodations and her requests were subsequently ignored by Defendant.

For the reasons discussed above, Defendant's Motion to Dismiss Plaintiff's Failure to Accommodate claim is **GRANTED**.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01417 ODW (FFMx) | Date | November 18, 2010 |
|---|---|---|---|
| Title | *Youlanda Williams vs. Los Angeles Unified School District* | | |

  F. *Plaintiff's Third Claim For Failure to Engage in the Interactive Process Fails to State a Cause of Action*

  "Once an employee requests an accommodation . . . the employer must engage in an interactive process with the employee to determine the appropriate reasonable accommodation." *Zivkovic*, 302 F.3d at 1089; (citing *Barnett v. U.S. Air, Inc*., 228 F.3d 1105, 1114-15 (9th Cir. 2000) (en banc vacated on other grounds). "[T]he interactive process requires: (1) direct communication between the employer and employee to explore in good faith the possible accommodations; (2) consideration of the employee's request; and (3) offering an accommodation that is reasonable and effective." *Id*. Furthermore, as stated in *Zivkovic*, the employer is only obligated to provide the employee with "some reasonable accommodation," and liability for the employer only ensues when the "'employer bears responsibility for the breakdown' in the interactive process." *Zivkovic*, 302 F.3d at 1089 (citing *Yellow Freight Sys. Inc*., 253 F.3d at 951 (7th Cir.2001) (en banc) (citation and internal quotation marks omitted)) and (citing *Beck*, 75 F.3d at 1137 (7th Cir. 1996)). Additionally, an ADA Plaintiff has the burden of establishing the existence of "specific reasonable accommodations" that the employer has failed to provide. *Memmer v. Marin County Courts*, 169 F.3d 630, 633 (9th Cir. 1999). Plaintiff, however, has failed to adequately allege that her employer was responsible for any alleged breakdown in the interactive process, as required in *Zivkovic*. Accordingly, Defendant's Motion to Dismiss Plaintiff's Failure to Engage in the Interactive Process claim is **GRANTED**.

  G. *Plaintiff 's Fourth Claim for Disparate Treatment Fails to State a Cause of Action*

  "A plaintiff alleging disparate treatment under Title VII must first establish a prima facie case of discrimination by offering evidence that 'gives] rise to an inference of unlawful discrimination.'" *E.E.O.C. v. Boeing Co.*, 577 F.3d 1044 (9th Cir. 2009) (citing *Tex. Depot of City. Affairs v. Barton*, 450 U.S. 248, 253 (1981)). A prima facie case of discrimination may be established by satisfying the *McDonnell Douglas* four part test, which provides: "(I) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." *McDonnell Douglas Corp.*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01417 ODW (FFMx) | Date | November 18, 2010 |
|---|---|---|---|
| Title | *Youlanda Williams vs. Los Angeles Unified School District* | | |

*v. Green*, 411 U.S. 792, 802 (1973).  Alternatively, Plaintiff's may establish a prima facie case of discrimination by providing direct evidence suggesting that the employment decision was based on an impermissible criterion.  *Cordova v. State Farm Ins. Cos.*, 124 F.3d 1145, 1148 (9th Cir. 1997).  Additionally, Plaintiffs in disperate treatment cases are "required to prove that defendant had a discriminatory intent or motive." *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 986 (1988).  Thus, according to the Supreme Court, "[t]he ultimate question in every disparate treatment case is whether the plaintiff was the victim of intentional discrimination." *Reeves v. Sanderson Plumbing Prods, Inc.*, 530 U.S. 133, 135 (2000).

Here, Plaintiff's Complaint fails to provide any allegations exhibiting Defendant's "discriminatory intent or motive" as required by the Supreme Court. Moreover, Plaintiff fails to make any attempt to explain why she claims the Defendant's alleged wrongful acts were motivated by discriminatory intent or motive. Plaintiff's Complaint simply offers conclusory statements alleging she is a victim of discrimination but no "evidence" which might give rise to an inference of unlawful discrimination.  There are no "non-conclusory factual" allegations which would allow this Court to make reasonable inferences that her claim is plausibly suggestive of a claim entitling her to relief.  For these reasons the Defendant's Motion to Dismiss Plaintiff's Individual Disperate Treatment claim is **GRANTED**.

### H.     *Plaintiff's Fifth Claim for Retaliation Fails to State a Cause of Action*

Title VII prohibits employers from discriminating "against any of his employees . . . because [the employee] has opposed any practice [that is] made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).  "In order to prevail on a claim of unlawful retaliation, a plaintiff must establish (1) that he engaged in a protected activity, (2) that he suffered an adverse employment decision, and (3) that there was a causal link between
plaintiff's activity and the employment decision." *Lyons v. England*, 307 F.3d 1092, 1118 (9th Cir. 2002) (citing *Hashimoto v. Dalton*, 118 F.3d 671, 679 (9th Cir. 1997)). Furthermore, "an adverse employment action is adverse treatment that is reasonably likely to deter employees from engaging in protected activity." *Ray v. Henderson*, 217 F.3d 1234, 1237 (9th Cir. 2000).  Additionally, retaliatory intent may be inferred, when adverse

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01417 ODW (FFMx) | Date | November 18, 2010 |
|---|---|---|---|
| Title | *Youlanda Williams vs. Los Angeles Unified School District* | | |

employment decisions are taken within a reasonable period of time following the employees complaint. *Passantino v. Johnson & Johnson Consumer Prods, Inc.*, 212 F.3d 493, 507 (9th Cir. 2000).

All Title VII claims allegedly occurring prior to April 30, 2009 are time barred. Therefore, in order for this Court to consider her retaliation claim, Plaintiff must establish that unlawful acts constituting retaliation occurred after April 30, 2009. The only potential "timely act" within the applicable time period is a negative job reference Plaintiff claims Defendant provided to U.S. Customs. (FAC ¶ 107.) Plaintiff argues that the alleged negative job reference (alleged because Plaintiff does not have direct evidence showing that Defendant provided a negative reference or that a negative reference is the reason Plaintiff was not offered a position with U.S. Customs) is retaliation for the Plaintiff engaging in a protected activity. However, the statements provided by the Defendant to the Document Reference Check, Co. ("DRC"); mainly: (1) Plaintiff had no noteworthy accomplishments; (2) "she took a leave of absence, I eventually fired her;" (3) "she had a lot of issues with attendance, a lot of issues with getting along with personnel;" and (4) Plaintiff complained about spiders, and insisted the school would be liable if she was bitten. (FAC ¶ 22.) These are all statements that are accurately supported by the Plaintiff's Complaint. Thus, assuming Plaintiff could establish the first two elements discussed in *Lyons*, Plaintiff has provided nothing to assist this Court in determining there was a causal link. While, this Court "must accept as true all material allegations in the complaint," *See Broam*, 320 F.3d at 1028; *see also Chang*, 80 F.3d 1293; this Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact . . . ." *Sprewell*, 266 F.3d at 988. Therefore, Defendant's Motion to Dismiss Plaintiff's Retaliation claim is **GRANTED**.

   I.   *State or FEHA Claims*

The Plaintiff filed her Complaint on June 25, 2010 asserting Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 by virtue of the Title VII claims. The Plaintiff also erroneously alleged Diversity Jurisdiction. Nonetheless, Plaintiff invoked the Court's Supplemental Jurisdiction over the State FEHA claims pursuant to U.S.C. § 1367.

The Court has dismissed all of the federal law claims against the moving Defendants. The Court will decline to exercise Supplemental Jurisdiction over the remaining state law

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01417 ODW (FFMx) | Date | November 18, 2010 |
|---|---|---|---|
| Title | *Youlanda Williams vs. Los Angeles Unified School District* | | |

claims if Plaintiff fails to properly plead a federal claim. *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction."); *see also Murphy v. Kodz*, 351 F.2d 163, 167-68 (9th Cir. 1965) ("Where the federal head of jurisdiction has vanished from the case, and there has been no substantial commitment of judicial resources to the non-federal claims, it is . . . akin to making the tail wag the dog for the District Court to retain jurisdiction.") (internal quotations and citation omitted). Accordingly, the Court will not consider these claims until Plaintiff properly states a federal claim.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motions to Dismiss are **GRANTED** with respect to Plaintiff's (Title VII) first, second, third, fourth and fifth causes of action. Plaintiff shall have 20 days from the date of this order to amend her complaint. Failure to serve and file an amended complaint will result in dismissal of this action.

IT IS SO ORDERED.

|  | -- | : | 00 |
|---|---|---|---|
| | Initials of Preparer | RGN | |